1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC., | Case No. 2:09-cv-03817-CJC-RNB |
|     Plaintiff, | Magistrate Judge Robert N. Block |
| v. | |
| BONDCORP REALTY SERVICES INC. d/b/a BONDCORP MORTGAGE COMPANY, | **PROTECTIVE ORDER** |
|     Defendant. | Complaint Filed: May 28, 2009 Trial Date: May 7, 2011 |

THIS CAUSE is before the Court upon the Parties' Joint Stipulation for a Protective Order for Confidential Disclosure of Discovery Materials, pursuant to Federal Rule of Civil Procedure 26(c). The Court has reviewed the file and is otherwise advised in the premises, and finds that there is a potentially significant number of documents containing the nonpublic personal information of borrowers and the confidential and propriety information of the parties to be exchanged in discovery in this case, such that document-by-document review of discovery materials will be

impracticable if the case is to proceed in an orderly, timely and efficient manner. The Court further finds that the parties' interests in protecting the non-public personal information of borrowers and their confidential and commercially sensitive information from unnecessary disclosure, and the parties' desire and the benefit to the Court of an orderly and expeditious resolution of this matter on its merits, outweigh any societal interest in disclosure of such materials to non-parties. Thus, after due consideration by the Court and for good cause shown, the Court finds that it is appropriate to expedite the flow of discovery material, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material arguably worthy of protection. According, it is

ORDERED and ADJUDGED as follows:

1.     Any information, document, or thing produced in connection with this litigation that is reasonably believed by any Party or third party to contain or constitute: (1) nonpublic personal information or (2) trade secrets and/or confidential or proprietary information of such Party or a third party, including but not limited to nonpublic pricing data, schematics, designs, specifications, evaluations, competitive analyses, customer lists and other customer-related information of such Party or third parties, shall be designated as **Confidential** or **Highly Confidential/Attorneys Eyes Only Information** (collectively, **Confidential Information**).   As used herein, Confidential Information may include: (a) all paper, tapes, documents (including answers to document requests, interrogatories, and requests for admission), disks, diskettes, and other tangible things produced by or obtained from any person in connection with this litigation; (b) transcripts of depositions herein and exhibits thereto; (c) all copies, extracts, and complete or partial summaries or charts or notes prepared or derived from such papers, documents or things, (d) expert reports, and (e) items listed in (a) through (d) that a Party produces that have been previously designated as being "CONFIDENTIAL," "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or other words of similar meaning. Before designating any

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Confidential Information, the designating Party's counsel shall make a good faith determination that the information warrants protection.   The handling of such Confidential Information shall be made in accordance with the terms of this Order.

2.      The designation of Confidential Information may be made by marking or otherwise identifying the material in writing as **Confidential** or **Highly Confidential/Attorneys Eyes Only**.

3.      If a producing Party inadvertently fails to mark Confidential Information upon its production, such Party may subsequently designate such Confidential Information by giving written notice to the receiving Party and providing properly marked or designated copies within fifteen (15) days of such notice.   Deposition transcripts and exhibits thereto may be designated as Confidential Information on the record at the deposition and may also be designated as Confidential Information for a period of thirty (30) days (or such longer period if the Parties so agree) after receipt of the transcript from the court reporter.   Until the expiration of the period set forth in the preceding sentence, and unless otherwise agreed to by the Parties, all deposition transcripts and exhibits shall be deemed Confidential Information until such time that the Party is required to make its confidentiality designations.

4.      Any Party may at any time request in writing that any Confidential Information be released from the requirements of this Order (the **Requesting Party**), and, unless otherwise agreed in writing, the Party producing such material (**Producing Party**) shall meet and confer with the Requesting Party within ten (10) days of receipt of a request.   If an agreement cannot be reached by negotiation, the Requesting Party may file a joint stipulation seeking to de-designate the document pursuant to Local Rules 37-1 and 37-2.   In the event that such joint stipulation is made in accordance with the procedures herein and applicable rules of this Court, the Confidential Information shall be submitted to the Court under seal, as described herein, for the Court's review, and the terms of this Order shall continue to apply to such Confidential Information until the Court rules on the motion.   The above procedure

**AKERMAN SENTERFITT LLP**
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  shall not preclude application to the Court on a more expedited basis as circumstances

2  warrant.

3      5.     All Confidential Information received from any Producing Party shall be

4  used solely in connection with, and only as necessary to, this litigation and the

5  preparation and trial of this case, or any related appellate proceeding, and not for any

6  other purpose, including without limitation any other litigation or any business,

7  competitive, or governmental purpose or function.  To that end, the Parties shall not

8  distribute or disclose any Confidential Information received in this litigation to any

9  third party (or any of the Parties' agents, consultants, officers, directors, employees, or

10  representatives except on a need to know basis and pursuant to such agent, consultant,

11  employee, officer, director, or representative's obligation to maintain the

12  confidentiality of such document or information).  Furthermore, counsel shall make a

13  reasonable and good faith effort to ensure that no documents or information disclosed

14  in this litigation, including documents that are not designated as Confidential

15  Information, are used for any prohibited purpose.

16      6.     Confidential Information and information derived from Confidential

17  Information, including without limitation any testimony about an exhibit designated as

18  Confidential Information, shall not be disclosed except as set forth in paragraphs 7 and

19      7.     Any information, document, or thing designated as Confidential may

20  only be disclosed to the following persons:

21          (a)    Outside counsel of record for any Party to this action;

22          (b)    Paralegal, stenographic, clerical and secretarial personnel

23                 employed by counsel listed in (a) (including but not limited to

24                 photocopy service personnel and document management vendors,

25                 such as coders and data- entry personnel, retained by outside

26                 counsel);

27          (c)    In-house counsel employed by a Party to this action (including

28                 their staff whose functions require access to such information),

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

business persons employed by a Party to this action whose functions require that they have access to Confidential Information in connection with the prosecution or defense of this action, and persons employed by an insurer of a Party to this action whose functions require that they have access to Confidential Information in connection with the prosecution or defense of this action;

(d) Court personnel including stenographic, video or audio reporters engaged to record depositions in this litigation, and certified interpreters and/or translators;

(e) Non-party retained expert(s) or consultant(s) and their secretarial, technical and clerical employees (including but not limited to photocopy service personnel and document management vendors, such as coders and data- entry personnel, retained by outside counsel) who actively assist in the preparation of this action;

(f) Any person identified on the face of any such Confidential Information as an author or as recipient thereof;

(g) Any person who is determined to have been an author and/or previous recipient of the Confidential Information, but are not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Confidential Information by such person prior to such person being shown any Confidential Information;

(h) Any non-party engaged by the Parties or appointed by the Court for purposes of acting as a Discovery Referee, Special Master, and/or neutral arbitrator or mediator in any alternative dispute resolution procedures in which the Parties may participate; and

(i) Any person as ordered by the Court.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

8.     Any Party to this Order may designate any information, document, or thing produced in connection with this litigation as **Highly Confidential/Attorneys Eyes Only Information**.   Such designation shall apply only to materials and information of a proprietary business or technical nature that might reasonably be of value to a competitor or potential customer of the Party or non-party holding the proprietary rights thereto, and materials and information that might reasonably pose a commercial disadvantage to the Producing Party.  Any information, document or thing designated as **Highly Confidential/Attorneys Eyes Only Information** may only be disclosed to

(a)     Outside counsel of record for any Party to this action and any paralegal, stenographic personnel, clerical personnel, photocopy service personnel, document management personnel (including coders and data-entry

personnel), and secretarial personnel employed by outside counsel.

(b)     Court personnel including stenographic, video or audio reporters engaged to record depositions in this litigation, and certified interpreters and/or translators.

(c)     A non-party engaged by the Parties or appointed by the Court for purposes of acting as a Discovery Referee, Special Master, and/or neutral arbitrator or mediator in any alternative dispute resolution procedures in which the Parties may participate.

(d)     Independent retained experts or technical and/or business consultants or similar persons whose assistance may be required for preparation for and/or trial of this action and who are retained by a Party for the purpose of assisting with the prosecution or defense of this action, provided such persons are not employees,

officers or agents of any Party to this action or employees, officers or agents of a competitor of any Party to this action.

9.     Any person, with the exception of Court personnel, to whom Confidential Information is furnished, shown, or disclosed shall, prior to the time he or she receives access to such materials, be provided by counsel furnishing such material a copy of this Order and agree to be bound by its terms.  Counsel shall further undertake a reasonable and good faith effort to ensure that any such persons cannot utilize any Confidential Information or other documents or information produced in this litigation except as permitted by paragraph 5 of this Order.

10.     The restrictions on the use of Confidential Information established pursuant to this Order do not apply to the use by a Party, person, or entity of the Confidential Information it produces.  A Party, person or entity which produces the Confidential Information may use the Confidential Information they produced in any manner they deem appropriate.   The Parties' use of their own Confidential Information shall not be deemed a waiver of the Parties' respective rights to insist compliance with this Order.

11.     Notwithstanding the provisions of this Order, persons authorized to review Confidential Information under this Order may make generalized, non-specific disclosure of information derived from Confidential Information without revealing specific facts or figures of Confidential Information to senior executives of a Party as may be reasonably necessary in connection with the management, prosecution, and/or settlement of this litigation.   Such disclosure shall not include any detailed Confidential Information of the other Party and shall be as limited as possible for such executive(s) to make decisions with respect to this litigation.

12.     The provisions of this Order are without prejudice to the right of any Party to this Order to:

(a)     Resist or compel discovery with respect to, or seek to obtain additional or different protection for, material claimed to be protected work product or

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    privileged under applicable state or federal law, material as to which the

2    Producing Party claims a legal obligation not to disclose, or material not

3    required to be provided pursuant to applicable state or federal law;

4    (b)    Seek to modify or obtain relief from any aspect of this Order; or

5    (c)    Object to the use, relevance or admissibility at trial or otherwise of any

6    material, whether or not designated in whole or in part as Confidential

7    Information governed by this Order. This Order shall not govern the use

8    or admissibility of any evidence at trial or the procedures for using such

9    documents or information at trial.

10    13.    In accordance with Local Rule 79-5.1, if any papers to be filed with the

11  Court contain information and/or documents that have been designated as

12  "Confidential" or "Highly Confidential/Attorneys Eyes Only," the proposed filing

13  shall be accompanied by an application to file the papers or the portion thereof

14  containing the designated information or documents (if such portion is segregable)

15  under seal; and the application shall be directed to the judge to whom the papers are

16  directed. For motions, the parties shall publicly file a redacted version of the motion

17  and supporting papers.

18    14.    If, either during the course of this litigation or following the conclusion

19  thereof, including the final exhaustion of all appeals, Confidential Information is

20  disclosed to any person other than in the manner authorized by this Order, the person

21  responsible for the disclosure must immediately bring all pertinent facts relating to

22  such disclosure to the attention of counsel for all Parties and the Court and, without

23  prejudice to other rights and remedies of any party, make every effort to prevent

24  further disclosure.

25    15.    If Confidential Information is disclosed at a deposition, only the

26  stenographic, video or audio reporter and those persons who are authorized by the

27  terms of this Order to receive such material may be present. The portions of the

28  transcripts of all testimony designated as Confidential Information shall be labeled

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**PROTECTIVE ORDER**

with the appropriate designation by the reporter.  If any document or information designated as Confidential Information pursuant to this Order is used during the course of a deposition herein, that portion of the deposition record reflecting such material shall be labeled with the appropriate designation.

16.     With respect to documentation in the possession of a receiving Party, within sixty (60) calendar days after the conclusion of the trial and of any appeals, or upon other termination of this litigation, all Confidential Information received under the provisions of this Order, shall be tendered back to the Producing Party, or, at the direction of the Producing Party, destroyed except to the extent that any of the foregoing includes or reflects work product of the receiving Party (which work product may be maintained by outside counsel for the Parties, but not by the Parties themselves), and except to the extent that such material has been filed with a court in which proceedings related to this action are being conducted, provided such information is stored in a manner so as to preserve its confidentiality.  If Confidential Information is destroyed rather than tendered back, counsel for the Party destroying the Confidential Information shall provide within seven (7) days of such destruction a certificate reflecting such destruction.

17.     If at any time any Confidential Information protected by this Order or information produced in this litigation is subpoenaed from the receiving Party by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party with respect to such information and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures.  However, nothing herein shall be construed as authorizing a Party to disobey a lawful subpoena issued in another action.

18.     Nothing in the Order shall restrict the right of any Party to move the Court for a determination that the documents designated as Confidential Information

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

need not be protected against the unauthorized disclosure and shall not be treated as Confidential Information.

19.    Nothing in the Order shall restrict the right of any Party to utilize documents or information which they have obtained from independent sources, provided that this shall not include documents or information obtained from the Parties which have been previously designated as Confidential Information.

20.    The terms of this Order shall be effective and enforceable as between the Parties immediately upon its execution by counsel for such Parties.

21.    All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

22.    The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

23.    Without separate court order, this Protective Order and Stipulation is not intended to, and shall not be interpreted to change, amend, or circumvent any court rule or local rule.

The foregoing STIPULATION AND AGREEMENT is hereby ADOPTED and ENTERED as an ORDER of the Court on November 22, 2010.

_____
Magistrate Judge Robert N. Block
United States Magistrate Judge

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342